IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX A. McCURDY,

        Plaintiff,                            No. CIV S-06-0742 LKK PAN P

    vs.

GARY L. SIMPSON, et al.,

        Defendants.               <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis. In light of 1996 amendments to 28 U.S.C. § 1915, this court will not rule on plaintiff's request to proceed in forma pauperis.

        The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

/////

1   In this case, none of the defendants reside in this district. The claim arose in Napa
2  County, which is in the Northern District of California. 28 U.S.C. § 84(a). Therefore, plaintiff's
3  claim should have been filed in the United States District Court for the Northern District of
4  California. In the interest of justice, a federal court may transfer a complaint filed in the wrong
5  district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932
6  (D.C. Cir. 1974).
7   Accordingly, IT IS HEREBY ORDERED that:
8   1. This court has not ruled on plaintiff's request to proceed in forma pauperis; and
9   2. This matter is transferred to the United States District Court for the Northern
10 District of California.
11 DATED: April 19, 2006.

UNITED STATES MAGISTRATE JUDGE

/mp/004
mccu0742.21